365-12

STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                                    Docket No. RE-12-290

GC WALLCOVERING, INC.,

        Plaintiff

v.                                                  ORDER

HOLIDAY INN BY THE BAY,

        Defendant

        Before the court is defendant Holiday Inn By The Bay's motion to dismiss.

        Holiday Inn's motion is based on 4 M.R.S. § 807(1), which prevents persons from practicing before the courts of this state unless admitted to the bar. There are a number of exceptions to that prohibition, including an exception for persons representing themselves and an exception for a Maine corporation with 5 or fewer shareholders so long as that corporation is defending a lawsuit. 4 M.R.S. §§ 807(3)(B), 807(3)(J).

        In this case plaintiff GC Wallcovering Inc. is prosecuting a mechanics lien claim, and the § 807(3)(J) exception does not apply. Cindy Reiter, who is not admitted to practice law, signed the complaint as a representative of GC Wallcovering and has opposed Holiday Inn's motion to dismiss. She asserts that she understands that "I am not legally allowed to represent . . . my corporation in Superior Court [but] was forced to do so because I cannot afford an attorney." She notes that a party seeking to enforce a mechanics lien is required to file an action in Superior Court[1] and contests the constitutionality of 4 M.R.S. § 807(1) as applied to her under the circumstances of this case.

---

[1] See 10 M.R.S. § 3255(1).

GC Wallcovering's constitutional argument is not frivolous by any means. The U.S. Supreme Court has recently (and controversially) emphasized that First Amendment protections extend to corporations. Citizens United v. Federal Election Commission, 558 U.S. 310, ___, 130 S.Ct. 876, 899 (2010). Moreover, the Law Court has recently noted that the right of access to the courts is a right protected by the U.S. and Maine Constitutions. Nader v. Maine Democratic Party, 2012 ME 57 ¶¶ 23-24, 41 A.3d 551.

Whether or not this casts a constitutional shadow over 4 M.R.S. § 807 in its entirety, there is certainly a legitimate question whether – under the specific circumstances faced by a corporation that may be able to prove it does not have the funds to hire a lawyer but is required by Maine law to file a lawsuit in order to enforce a mechanic's lien – section 807(1) is unconstitutional as applied to GC Wallcovering in this case.

Ordinarily this would require that the plaintiff notify the Attorney General's office to give that office the opportunity to intervene, see M.R.Civ.P. 24(d), and that a hearing then be held for evidence and argument as to plaintiff's financial circumstances and the constitutionality of section 807(1) as applied. However, in this case it appears that that issue can be deferred because GC Wallcovering is seeking arbitration and Holiday Inn – as an alternative ground for dismissal – is arguing that plaintiff's exclusive remedy lies in arbitration. See Defendant's Motion to Dismiss dated August 31, 2012 at 3 ("[T]here is no basis under the [Uniform Arbitration] Act not to enforce the arbitration agreement"). Accordingly, the court will defer action on plaintiff's

2

constitutional challenge and will stay this action to allow the parties to proceed to arbitration.[2]

The entry shall be:

This action is stayed pending arbitration. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: November 27, 2012

Thomas D. Warren
Justice, Superior Court

---

[2] Holiday Inn also points out that plaintiff served defendant's counsel with the complaint rather than an officer, director, or other person authorized to accept service on behalf of Holiday Inn. See M.R.Civ.P. 4(d)(8). Because Holiday Inn plainly has received notice of the action and has appeared, the court would grant plaintiff's request for additional time to comply with the technicalities of service if that were the only issue. This is particularly true where the return of service filed by the sheriff's office describes defendant's counsel as a person "who is authorized to receive service for Defendant."